UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUSAN SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:05-CV-2232-G |
| JUDGE JANE J. BOYLE and | ) | |
| MAGISTRATE JUDGE PAUL D. | ) | **ECF** |
| STICKNEY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, Judge Jane J. Boyle, to dismiss the plaintiff's claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant's Motion to Dismiss ("Motion"). For the following reasons, the motion is granted.

### I. BACKGROUND

The defendant Jane J. Boyle ("Judge Boyle") is a United States District Judge for the Northern District of Texas. The defendant Paul D. Stickney ("Judge Stickney") is a United States Magistrate Judge for the Northern District of Texas.

The dispute in this case arises from an earlier suit between the plaintiff Susan Scott ("Scott" or "the plaintiff") and Experian Information Solutions, Incorporated ("Experian"). Brief in Support of Defendant's Motion to Dismiss at 1-4. Upon removal from state court, the Experian suit was assigned to Judge Boyle. *Id.* at 2. Ultimately, Judge Boyle dismissed all of the plaintiff's claims against Experian. *Id.* at 4.

Scott subsequently filed this case against Judge Boyle and Judge Stickney complaining that, in the Experian suit, they ignored a United States Supreme Court ruling on disqualification of judges. *See* Personal Damage Case at 1 (attached to Notice of Removal as tab 2). Judge Boyle moves to dismiss the plaintiff's claims against her, pursuant to Federal Rules of Civil Procedure 12(b)(6), asserting absolute judicial immunity. *See generally* Motion. Scott failed to respond to Judge Boyle's motion, and the record does not reflect that service on Judge Stickney has been accomplished.

II. ANALYSIS

A. United States District Judge Jane Boyle

1. *Rule 12(b)(6) - The Legal Standard*

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). There are two primary principles that guide the court's determination of whether dismissal under Rule

12(b)(6) should be granted. First, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the nonmovant could prove no set of facts in support of her claims that would entitle her to relief. *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994); see also *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing 5B WRIGHT & MILLER § 1357 at 598 (1969), for the proposition that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted"), *cert. denied*, 459 U.S. 1105 (1983). Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant. See *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991). However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). In addition, a court must not look beyond the pleadings when determining whether a complaint states a claim upon which relief may be granted. *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 499-500 (5th Cir. 1982), *cert. denied*, 464 U.S. 932 (1983).

## 2. *Judicial Immunity*

It is well-settled that judges are absolutely immune from suits for damages for all judicial acts that are not performed in the clear absence of all jurisdiction. See *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Mays v. Sudderth*, 97 F.3d 107, 111 (5th Cir. 1996); *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993).

A judge will not be deprived of immunity simply because the plaintiff alleges that her actions were malicious or were taken in bad faith. *Mireles*, 502 U.S. at 11; see also *Mays*, 97 F.3d at 111. Nor will a judge be deprived of immunity because the actions she took were in error or were in excess of her authority. See *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); see also *Mays*, 97 F.3d at 111; *Brandley v. Keeshan*, 64 F.3d 196, 200 (5th Cir. 1995), *cert. denied*, 516 U.S. 1129 (1996). Rather, a plaintiff can overcome the bar of judicial immunity only under two narrow sets of circumstances. See *Mireles*, 502 U.S. at 11-12; see also *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). First, a judge is not immune from suit for actions that are not "judicial" in nature. See *Mireles*, 502 U.S. at 11; *Malina*, 994 F.2d at 1124. Second, a judge is not immune from suit for actions that, though judicial in nature, are taken in the complete absence of all jurisdiction. See *Mireles*, 502 U.S. at 12; *Malina*, 994 F.2d at 1124. Judge Boyle's actions -- dismissing the plaintiff's suit against Experian -- were judicial in nature and were not taken in the complete absence of all jurisdiction. Accordingly, Judge Boyle's motion to dismiss is granted.

B.  United States Magistrate Judge Paule D. Stickney

Service on Judge Stickney was not accomplished within 120 days after the plaintiff filed her complaint.  Order, filed February 13, 2006.  On February 13, 2006, the court ordered the plaintiff to show cause in writing, by February 24, 2006, why her claims against Judge Stickney should be retained on the docket.  *Id.*  The plaintiff failed to respond to the court's order.  Therefore, pursuant to Federal Rule of Civil Procedure 4(m), all claims against Judge Stickney are dismissed.

III.  CONCLUSION

For the reasons discussed above, Judge Boyle's motion to dismiss the plaintiff's original complaint is **GRANTED**.  Judgment will be entered dismissing the claims against Judge Boyle for failure to state a claim.  Judgment will also be entered dismissing the claims against Judge Stickney for failure to accomplish service.

It is therefore **ORDERED** that all claims asserted against Judge Boyle are **DISMISSED**.

It is further **ORDERED** that all claims asserted against Judge Stickney are **DISMISSED**.

March 1, 2006.

_____
A. JOE FISH
CHIEF JUDGE